O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS A. SEAMAN, Federal Equity Receiver,<br><br>      Plaintiff(s),<br><br>    v.<br><br>PYRAMID TECHNOLOGIES, INC, et al,<br><br>      Defendant(s). | CASE NO. SACV 10-00070 DOC (RNBx)<br><br>**O R D E R GRANTING SUMMARY JUDGMENT** |

Before the Court is a Motion for Partial Summary Judgment filed by Plaintiff Thomas A. Seaman ("Plaintiff") in the above-captioned case ("Motion for Summary Judgment") (Docket 33). After considering the moving and opposing papers[1], as well as oral argument[2], the Court

---

[1] Curiously, Defendants failed to file a formal brief opposing Plaintiff's Summary Judgment Motion and, instead, chose to rely on the Statement of Genuine Disputes and the Mavusi Declaration.

[2] Defense counsel did not oppose the Court's tentative ruling at oral argument.

GRANTS the Motion for Summary Judgment.

**I. BACKGROUND**

The following facts are those found in Plaintiff's Statement of Uncontroverted Facts (Docket 33-2) that were not later disputed in Defendants' Statement of Genuine Disputes (Docket 35). The facts that Defendants allege to be disputed will be discussed and evaluated further in the Discussion section.

Plaintiff is the duly appointed and acting Federal Equity Receiver for Medical Capital Holdings, Inc., Medical Capital Corporation, Medical Provider Funding Corporation VI and their subsidiaries and affiliates as identified in the orders appointing the Receiver (the "Receivership Entities"). Complaint, ¶ 3; Joint Answer of Pyramid Technologies, Inc., Tony Mavusi and Silva Mavusi to Plaintiff's Complaint (Docket 4) ("Answer"), ¶ 3. Medical Provider Financial Corporation IV, Series II ("Lender"), a Receivership Entity, entered into a loan agreement with Pyramid Technologies, Inc. ("Pyramid") ("Loan Agreement"), whereby Lender agreed to lend Pyramid up to $14 million (the "Loan"). Complaint, ¶ 10; Answer,¶ 10. Pyramid entered a written Note dated March 17, 2008 relating to the Loan Agreement. Complaint, ¶ 10; Answer,¶ 10. Pyramid disputes that it has defaulted under the Loan Agreement and the Note. Defendants' Statement of Genuine Disputes, 1.

Tony Mavusi ("T. Mavusi") and Silva Mavusi ("S. Mavusi") (collectively, "the Mavusis") entered into a written Guaranty Agreement in which they guaranteed repayment of the Loan. Complaint, ¶ 17; Answer,¶ 17. Under the Guaranty Agreement, the Mavusis expressly waived their right to require Lender to proceed first against the borrower, or against any property or assets of the borrower or against any collateral or security regarding the Loan. Complaint, ¶ 17; Answer,¶ 17. The Mavusis admit that they have not paid the indebtedness under the Loan Agreement and Note, Complaint, ¶ 19; Answer,¶ 19, but they dispute both that they are in breach of the Guaranty Agreement and that they are obligated to pay the indebtedness. Defendants' Statement of Genuine Disputes, 1-2. Defendants also dispute that the Loan Agreement and Note are in excess of $14 million. *Id.* at 2-3.

To further secure the obligations under the Loan Agreement, Pyramid and Lender entered

a written Security Agreement dated March 17, 2008, under which Lender was granted a security interest in certain "Collateral," including accounts receivable, contract rights and other forms of right to payment, deposit accounts, goods, instruments, documents, equipment and the proceeds of any such collateral. Complaint, ¶ 16; Answer,¶ 16. In connection with the Security Agreement, a UCC financing statement was filed with the California Secretary of State on or about May 22, 2008. *Id.* Plaintiff is entitled to possession of the pledged Collateral under the Security Agreement, and none of this Collateral has yet been turned over to Plaintiff. Complaint, ¶¶ 38, 45-46; Answer,¶ 38, 45-46.

Defendants dispute that the Loan has an outstanding principal balance of $14 million and that there is $5,190,644.85 in outstanding accrued interest on the Note and Loan Agreement. Defendants' Statement of Genuine Disputes, 3-4. Defendants also dispute that the last receipt of funds applied to the principal loan balance was in November 2000 and that the Receivership has not received any payment of principal or interest on the Loan from the Mavusis under the Guaranty Agreement. *Id.*

**II. LEGAL STANDARD**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  When the non-moving party bears the burden of proving the claim or defense at trial, the moving party can meet its burden for summary judgment by pointing out that the non-moving party has failed to present any genuine issue of material fact. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).  A party cannot create a genuine issue of material fact simply by making assertions in its legal papers.  There must be specific, admissible evidence

3

identifying the basis for the dispute. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1980).

## III. DISCUSSION

Plaintiff moves for summary judgment on his first, sixth, and eighth claims for breach of guaranty agreement and the turnover of all collateral and cash proceeds. The Court will address the first claim and then the sixth and eighth claims together.

### A. First Claim: Breach of Guaranty Agreement

Plaintiff seeks summary judgment on his first claim for relief, alleging that the Mavusis are obligated to pay their outstanding debt under the Guaranty Agreement. Plaintiff alleges that the Mavusis owe $19,190,644.85, comprised of a $14 million principal balance and $5,190,644.85 of interest, as of August 31, 2011. Motion for Summary Judgment, 5. It is undisputed, as described above, that the Mavusis entered into the Guaranty Agreement under which they guaranteed repayment of the Loan and that they have not paid such indebtedness. *See* Defendants' Statement of Genuine Disputes**.**

In Defendants' Statement of Genuine Disputes, however, Defendants dispute that they are in breach of the Guaranty Agreement and that they are obligated to pay the indebtedness. 1-2. Defendants also dispute that the Loan Agreement and Note are in excess of $14 million. *Id.* at 2-3. In their Statement of Genuine Disputes, Defendants "deny" each of these allegations and content that "Plaintiff has unclean hands for lending the Defendants ill-gotten gains and is not entitled to relief." *Id.* at 1-3.

There are two primary issues with Defendants' Statement of Genuine Disputes. First, in their Answer, Defendants have already admitted many of the statements they now dispute. Second, mere conclusory allegations of an affirmative defense are not sufficient to overcome a motion for summary judgment after the moving party has satisfied its burden. Each of these fatal flaws will be discussed in turn.

Defendants' admissions contained in their pleadings are binding and cannot later be revoked through their opposition to Plaintiff's Motion for Summary Judgment. "[U]nder federal law, stipulations and admissions in the pleadings are generally binding on the parties and the

Court." *American Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir. 1988) (citing *Ferguson v. Neighborhood Housing Services,* 780 F.2d 549, 551 (6th Cir. 1986)). Factual assertions in the operative pleadings are "considered judicial admissions conclusively binding on the party who made them. *Id. See also Colson v. Maghami,* No. CV 08-2150-PHX-MHM, 2010 WL 2744682, at * 5 (D. Ariz. July 9, 2010) (admissions in a defendant's answer are binding notwithstanding its attempt to dispute the same facts at the summary judgment stage); *Smith v. Chapman,* 436 F. Supp. 58, 62 (W.D. Tex. 1977) ("Defendant in his Answer admitted that the allegations contained in Paragraph V are true. It is a settled rule of law that what the Defendant admits in his answer is binding on him."). Thus, any admissions in Defendants' Answer remain binding at the summary judgment stage.

Here, most of the statements that Defendants now list as "disputed" were actually admitted in Defendant's Answer. There are three such statements relevant to Plaintiff's first claim, all of which are verbatim taken from Paragraph 19 of the Complaint. That paragraph reads in full:

> Pursuant to their written Guaranty Agreement, Tony Mavusi and Silva Mavusi were obligated to pay the indebtedness under the Loan Agreement. They have failed to do so and are in breach of the Guaranty Agreement. The outstanding obligations under the Loan Agreement are in excess of $14 million. Accordingly, Plaintiff is entitled to recover in excess of $14 million against Tony Mavusi and Silva Mavusi.

Complaint, ¶ 19. Defendants' Answer states that "Defendants admit all of the allegations in paragraph 19 of the Complaint, except the allegation that Plaintiff is entitled to recover in excess of $14 million against Tony Mavusi and Silva Mavusi." Answer, ¶ 19. A plain reading of Paragraph 19 of the Complaint shows that it contains four distinct sentences that list four separate allegations - or five allegations, if the Mavusis' failure to pay and their breach are treated as two separate allegations. Defendants admitted in their Answer all but the very last sentence of the paragraph. If Defendants had wished to object to more or all of the paragraph, they could have done so in their Answer. They, however, did not.

Despite these admissions in their Answer, Defendants now "deny" each of the paragraph's allegations - which are set forth verbatim from the Complaint in Plaintiff's Statement of Undisputed Facts - and "contend that Plaintiff has unclean hands for lending

1  Defendants ill-gotten gains and therefore is not entitled to relief." Defendants' Statement of
2  Genuine Disputes, 1-2. By not objecting to any statement in Paragraph 19 of the Complaint other
3  than "Plaintiff is entitled to recover in excess of $14 million against Tony Mavusi and Silva
4  Mavusi," Defendants have admitted each and every other allegation in that paragraph. *See* Fed.
5  R. Civ. P. 8(b). The law is clear that Defendants are bound to the admissions set forth in their
6  answer. *American Title Ins. Co.,* 861 F.2d at 226. Accordingly, those statements, set forth as
7  Paragraphs 8, 10, and 11 of Plaintiff's Statement of Undisputed Facts, are deemed undisputed
8  for the purposes of this summary judgment motion.

9        The Court may now consider the merits of Plaintiff's Motion for Summary Judgment in
10 relation to his first claim for Breach of the Guaranty Agreement Against Tony Mavusi and Silva
11 Mavusi. The essential elements of a breach of contract claim are: (1) the existence of a contract,
12 (2) that plaintiffs performed or had an excuse for not performing under the contract, (3) that
13 defendants breached the contract, and (4) that plaintiffs were damaged. *First Commercial*
14 *Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745 (2001).

15       Here, Defendants admit the existence of the Guaranty Agreement and do not dispute its
16 validity as a binding contract. Plaintiff's Statement of Undisputed Facts, ¶ 6; Answer, ¶ 17;
17 Seaman Decl., Exh. C, ¶ 4. Defendants have also admitted that the Mavusis breached the
18 contract. Answer, ¶ 19. Finally, Defendants have admitted that their outstanding obligations
19 under the Loan Agreement exceed $14 million. *Id.* These admissions fully dispose of the first
20 and third elements of a valid breach of contract claim.

21       The two remaining issues are (1) whether Lender performed the contract or had an excuse
22 for not performing and (2) the amount of interest due under the Guaranty Agreement for the
23 purposes of a damages calculation. Plaintiff has submitted documents indicating that the entire
24 $14 million available under the Loan was either distributed to Pyramid or applied to interest.
25 Seaman Decl., ¶ 7. The records also show that there was $5,190,644.85 in outstanding accrued
26 interest, as of August 31, 2011. *Id.* Defendants, on the other hand, allege that "Medical Capital
27 had not fulfilled its obligations to the company by keeping more than the loan amount due each
28 month." Mavusi Decl. ¶ 6. Defendants, however, point to no authority stating that Medical

6

1  Capital had an obligation to take such an action under any agreement, nor do Defendants point to
2  any evidence that Medical Capital failed to fulfill any of its obligations. Defendants' only other
3  attempt at showing a factual dispute is to allege that "Medical Capital has charged usurious
4  interest against the defendants because it seeks to collect 15% interest in excess of the legal
5  interest allowed by law." *Id.* at ¶ 16. Defendants do not challenge that the Note called for a 15%
6  interest rate; there is no factual dispute as to the agreed-upon, bargained-for rate. Defendants'
7  usury allegations will be discussed later in the context of affirmative defenses; but at this point,
8  they have not demonstrated the presence of a disputed material fact.

9        Courts have made clear that mere conclusory assertions without sufficient factual support
10 are insufficient to oppose a motion for summary judgment in which the moving party has
11 satisfied its burden. Nonmoving parties cannot defeat an otherwise proper motion for summary
12 judgment by making claims without adequate evidentiary support - even if those claims, if true,
13 would result in the nonmoving party's victory. In *Angel v. Seattle-First Nat. Bank,* for example,
14 the court held that "[i]f [the Government's] propositions were proven at trial, they might
15 establish that the Government, rather than Angel, deserved to win. But the Government has not
16 cited any portion of the record that demonstrates or even implies the validity of its propositions.
17 A motion for summary judgment cannot be defeated by mere conclusory allegations unsupported
18 by factual data." 653 F.2d 1293, 1299 (9th Cir. 1981). Similarly, in *Wilkins v. Arpaio,* the court
19 held that "Plaintiff has not offered any specific facts in support of his opposition to summary
20 judgment. He has not offered any evidence to corroborate his claim that he was forced to drink
21 'polluted water.' Plaintiff's conclusory allegations regarding polluted water are insufficient to
22 survive summary judgment." No. CV-09-1380-PHX-LOA, 2011 WL 2198347, at *11 (D. Ariz.
23 June 7, 2011). *See also Seals v. Russell,* 355 Fed. Appx. 102, 103 (9th Cir. 2009) ("The district
24 court properly granted summary judgment on Seals's excessive force claims because the
25 unverified statements in Seal's complaint were insufficient to controvert defendants' evidence
26 that the force used against Seals was reasonable under the circumstances."); *Luparello v.*
27 *Consolidated Freightways, Inc.,* 921 F.2d 280, at *2 (9th Cir. 1990) (the plaintiff's conclusory
28 allegations lacked factual support and was thus not sufficient to defeat a motion for summary

judgment); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) (None of the affidavits attached as exhibits to the opposition contained any facts demonstrating that the allegations were true, making summary judgment proper.). Although the facts are to be construed in the light most favorable to the nonmoving party, the nonmoving party will not successfully oppose a summary judgment motion based solely on unsubstantiated claims.

Here, Defendants have pointed to absolutely no factual support for their contentions opposing Plaintiff's Motion for Summary Judgment. A mere allegation that Medical Capital breached its contract is insufficient, particularly when Defendants would be in a position to provide factual support for that contention. "The district judge is not required to comb the record to find some reason to deny a motion for summary judgment." *Forsberg v. Pacfic Northwest Bell Telephone Company,* 840 F.2d 1409, 1418 (9th Cir. 1988). The party opposing a summary judgment motion cannot simply rely on seemingly baseless assertions and expect the Court to search for facts that may or may not support those conclusory arguments. Plaintiff has pled sufficient facts to show that Lender performed its obligations under the Guaranty Agreement and Defendants have not demonstrated any dispute of material fact that would demonstrate otherwise.

Defendants' challenge to Plaintiff's demanded interest charges under the Guaranty Agreement is based on the contention that "Medical Capital has charged usurious interest against the defendants because it seeks to collect 15% interest in excess of the legal interest allowed by law." Mavusi Decl., ¶ 16. This argument is not a factual dispute; Defendants do not contest the fact that the Note charged 15% interest. Motion for Summary Judgment, Exh. B. As the parties do not dispute the interest rate previously agreed upon and charged, Defendants' argument that the interest rate is usurious operates as an affirmative defense, presumably connected with the "Offset" affirmative defense set forth in the Answer. It will thus be considered along with Defendants' other attempted affirmative defense of unclean hands.

Defendants' attempts to rely on both the conclusory assertions of Plaintiff's unclean hands and Plaintiff's allegedly usurious interest rates are misplaced. As an initial matter, the burden of proving affirmative defenses falls on the defendant. *CTF Development, Inc.,* No. C 09-

02429 WHA, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009) ("the burden is on the *defendant* to proffer sufficient facts and law to support an affirmative defense") (emphasis in original); *Wyshak v City Nat. Bank,* 607 F.2d 824, 827 (9th Cir. 1979) ("The procedural sufficiency of a pleaded claim or defense in federal court is governed by the federal rules, even though the defense relied on may be a state defense."). For an affirmative defense of unclean hands, the party attempting to assert the defense must show analogous case law, the nature of the misconduct, and the relationship of the misconduct to the claimed injuries. *Blain v. Doctor's Co.,* 222 Cal. App. 3d 1048, 1060 (1990). *See also CrossTalk Productions, Inc. v. Jackson,* 65 Cal. App. 4th 631, 642 (1998) ("Defendant's authorities merely confirm that application of the unclean hands doctrine depends upon the circumstances of the case, the nature of the claims asserted, and comparison of the parties' conduct - factual inquiries."). Defendants have failed to address any of these issues, outside of generally alleging that Lender's money was the result of "ill-gotten gains." In terms of Defendants' offset/usury affirmative defense, they have not even pointed to the law that was allegedly violated by the Note, nor have they set forth any facts to indicate why the 15% interest rate is usurious. Neither affirmative defense has been sufficiently supported to preclude summary judgment.

The Supreme Court has made clear that when a nonmoving party bears the burden of proof, such burden can only be discharged by the nonmoving party setting forth specific facts to support its allegations. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). There, the Court explained, "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."*Id.* at 323." When a nonmoving party will bear the burden of proof at trial, that party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial'." *Id.* at 324. Here, Defendants would have the burden of proof at trial as to their affirmative defenses, and they have blatantly failed to discharge this burden through their failure to designate any specific facts whatsoever.

1  "[T]he burden on the moving party may be discharged by 'showing' - that is, pointing out
2  to the district court - that there is an absence of evidence to support the nonmoving party's case."
3  *Id.* at 325. "The last two sentences of Rule 56(e) were added, as this Court indicated in *Adickes,*
4  to disapprove a line of cases allowing a party opposing summary judgment to resist a properly
5  made motion by reference only to its pleadings." *Id.* at 325. Here, Plaintiff has sufficiently
6  demonstrated each aspect of its breach of contract claim in reference to the Guaranty Agreement.
7  Because Defendants did not even make clear in their Answer which affirmative defenses were to
8  apply to each claim, Plaintiff has discharged his burden. Defendants may not defeat this properly
9  supported Motion for Summary Judgment by relying on mere conclusory allegations, absent
10 supporting proof. "The nonmoving party must then make a sufficient showing to establish the
11 existence of evidence as to all elements essential to its defense. Summary judgment will be
12 granted in the nonmoving party completely fails to offer evidence supporting its affirmative
13 defenses." *Classic Concepts, Inc. v. Linen Source, Inc.,* No. CV 04-8088 GPS (MANx), 2006
14 WL 4756377, at *6 (C.D. Cal. Apr. 27, 2006). Defendants have failed to sufficiently allege any
15 disputes of material fact in terms of Plaintiff's breach of contract claim and have also not
16 provided any factual support for their attempted affirmative defenses. Summary judgment on the
17 breach of the Guaranty Agreement claim is proper.

18 **B. Sixth and Eighth Claims: Turnover of all "Collateral" and Cash Proceeds**

19 Plaintiff next seeks summary judgment on his sixth and eighth claims, both of which
20 would entitle Plaintiff to take possession of all Collateral and cash proceeds thereof, as set forth
21 in the Security Agreement. This claim can be disposed of summarily, as Defendants do not
22 contest that Plaintiff is entitled to the Collateral and cash proceeds thereof. Defendants admit
23 that, to further secure the obligations under the Loan Agreement, Pyramid and Lender entered a
24 written Security Agreement dated March 17, 2008, under which Lender was granted a security
25 interest in certain "Collateral," including accounts receivable, contract rights and other forms of
26 right to payment, deposit accounts, goods, instruments, documents, equipment and the proceeds
27 of any such collateral. Complaint, ¶ 16; Answer,¶ 16. In connection with the Security
28 Agreement, a UCC financing statement was filed with the California Secretary of State on or

1  about May 22, 2008. *Id.* Defendants admit that Plaintiff is entitled to possession of the pledged
2  Collateral under the Security Agreement, and further admit that none of this Collateral has yet
3  been turned over to Plaintiff. Complaint, ¶¶ 38, 45-46; Answer,¶ 38, 45-46. Accordingly, there
4  seems to be no disputed issue of material fact, making summary judgment is proper on these
5  claims. Defendants shall be required to turn over the Collateral and all proceeds thereof in their
6  possession or control.

## IV. DISPOSITION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

DATED: November 7, 2011

_____
DAVID O. CARTER
United States District Judge

11